UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| BARRY GRANT, INC., | ) |  |
| Debtor. | ) | CASE NO. 09- |
|  | ) |  |

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL
AND TO PROVIDE ADEQUATE PROTECTION THEREFOR
AND REQUEST FOR EMERGENCY PRELIMINARY HEARING**

COMES NOW the above-named Debtor and, pursuant to §363(c)(2), Title 11 U.S.C. and Bankruptcy Rule 4001(b), moves this Court for entry of an Order authorizing Debtor's use of cash collateral and providing adequate protection therefor. Debtor respectfully shows this Court as follows:

1.

Debtor filed its voluntary petition for relief under the provisions of Chapter 11, Title 11 U.S.C. on October 13, 2009 and is managing its assets and operating its business as debtor-in possession, no trustee having been appointed.

2.

Debtor is in the business of manufacturing parts for the automotive industry.

3.

Debtor is indebted to BB&T (hereinafter"Lender") in the approximate amount of $3,403,264.00 (hereinafter the "Lender Debt").

4.

Lender asserts liens upon and security interests (hereinafter the "Lender Lien")against all accounts receivable owned by the Debtor, and the proceeds thereof , and against Debtors inventory,

equipment, fixtures and materials (hereinafter the "Collateral").

5.

The accounts receivable and proceeds thereof portion of the Collateral may constitute "cash collateral" as that term is defined in §363(a) Title 11 U.S.C.

6.

In the course of operating its business, Debtor incurs certain operating expenses which are necessary for the continued operation of such business. Debtor also generates accounts receivable and proceeds, which may constitute cash collateral in which Lender may assert an interest. Annexed hereto as Exhibit "A" is a projected monthly budget of Debtor's operations for 90 days.

7.

Unless authorized to use the Cash Collateral in the ordinary course of business, Debtor's operations will be impaired and Debtor's ability to reorganize will be jeopardized.

8.

As adequate protection for any interest Lender may have in cash collateral, Debtor proposes:

    A.    That Lender be granted a security interest in and lien upon Debtor's post-petition accounts receivable and proceeds to the same extent and priority as its pre-petition lien and interest in its pre-petition collateral;

    B.    Continuation of the lien and security interest held by Lender in its pre-petition Collateral; and

    C.    Provision of Debtor's monthly operating reports required by the United States Trustee and filed with this Court.

9.

An Order Authorizing Use of Cash Collateral and Providing Adequate Protection is annexed

hereto as Exhibit "B".

WHEREFORE, Debtor moves this Court for the entry of an Order authorizing Debtor's use of cash collateral, and for such other and further relief as may be equitable, proper and just.

### REQUEST FOR EMERGENCY PRELIMINARY RELIEF

10.

Debtor has an immediate need for the use of cash collateral for critical operating expenses prior to the scheduling of a final hearing on this Motion.

11.

Unless authorized to use cash collateral during the mandatory fifteen (15) day period prior to a final hearing on this Motion, Debtor's operations will be immediately harmed and Debtor's ability to reorganize significantly impaired.

12.

Conduct of an emergency preliminary hearing on this Motion and interim authorization of Debtor's use of cash collateral, in accordance with Exhibit "A" attached thereto, are imperative to Debtor's reorganization efforts and continuity of Debtor's business operations.

13.

A proposed Order Authorizing Interim Use of Cash Collateral Pending Final Hearing is annexed hereto as Exhibit "C".

WHEREFORE, Debtor requests that this Court schedule an emergency preliminary hearing on this Motion and authorize Debtor's use of cash collateral on an interim basis, pending the final hearing on this Motion.

*[Signatures on Next Page]*

          Respectfully Submitted,

             DAVID G. BISBEE

          _____

2929 Tall Pines Way           David G. Bisbee
Atlanta, GA 30345            State Bar No 058312
(770) 939-4881               Counsel for Debtor
(770) 783-8595 fax
bisbeed@bellsouth.net

Barry Grant Inc
90-Day Budget

|  | October-09 | | November-09 | | December-09 | |
|---|---|---|---|---|---|---|
| Sales | 358000 | | 328000 | | 328000 | |
| Less: Discounts | -31049 | | -29999 | | -29999 | |
| Net | 326952 | | 298002 | | 298002 | |
| Plus Other Income | 5200 | 332152 | 5200 | 303202 | 5200 | 303202 |
| Cost of Sales | | | | | | |
| UPS | 10000 | | 10000 | | 10000 | |
| FedX Freight | 9000 | | 9000 | | 9000 | |
| Non Inventory | 11000 | | 11000 | | 11000 | |
| Inventory | 93080 | 123080 | 85280 | 115280 | 85280 | 115280 |
| Operating Expenses | | | | | | |
| Advertising | | 1696 | | 1696 | | 1696 |
| Auto Expense | | 1250 | | 1250 | | 1250 |
| Insurance: | | | | | | |
|    Health Insurance | 3462 | | 3462 | | 3462 | |
|    CCR Insurance | 0 | | 0 | | 23763 | |
|    AXA Life | | 3462 | 2945 | 6407 | | 27225 |
| Office: | | | | | | |
|    Merchant CC Fee | 1800 | | 1800 | | 1800 | |
|    Service Charges | 150 | | 150 | | 150 | |
|    CC machine lease | 37 | | 37 | | 37 | |
|    Outside Services | 1240 | | 1240 | | 1240 | |
|    ADP | 445 | | 445 | | 445 | |
|    Asher | 55 | | 55 | | 55 | |
|    Petty Cash | 1100 | | 1100 | | 1100 | |
|    Mobile Mini | 111 | | 111 | | 111 | |
|    Supplies | 300 | | 300 | | 300 | |
|    Windstream | 186 | | 186 | | 186 | |
|    John Hamlin | 150 | | 150 | | 150 | |
|    JD Electronics | 200 | | 200 | | 200 | |
|    Sprint | 120 | | 120 | | 120 | |
|    JD Electronics email | 270 | | 270 | | 270 | |
|    eFax | 17 | | 17 | | 17 | |
|    AOL | 26 | | 26 | | 26 | |
|    Comcast | 163 | 6370 | 163 | 6370 | 163 | 6370 |
| Payroll Tax: | | | | | | |
|    NC WH | 2100 | | | | | |
|    GA SUI | 729 | | | | | |
|    FUTA | 145 | 2975 | | | | |
| Repairs & Maintenance | | 1200 | | 1200 | | 1200 |
| Research & Development: | | | | | | |
|    City of Concord | 150 | | 150 | | 150 | |
|    Duke Electric | 2000 | | 2000 | | 2000 | |
|    Shop Supplie | 1250 | | 1250 | | 1250 | |
|    Allied Waste | 85 | | 85 | | 85 | |
|    Orkin | 44 | | 44 | | 44 | |
|    Windstream | 321 | 3851 | 321 | 3851 | 321 | 3851 |
| Salaries and Wages | | | | | | |
|    Bi-weekly | 50728 | | 51538 | | 51538 | |
|    Bi-weekly | 50728 | 101456 | 50728 | 102266 | 50728 | 102266 |
| Payroll Tax | | 7743 | | 7743 | | 7743 |
| Sales Promotion | | 2083 | | 2083 | | 2083 |
| Taxes | | | | | | |
|    Prop Tax-Lumpkin | 2000 | | 2000 | | 2000 | |
|    Prop Tax-Harrisburg | 3023 | | 3023 | | 3023 | |

Barry Grant Inc
90-Day Budget

| | | | | | | |
|---|---:|---:|---:|---:|---:|---:|
| Town of Harrisburg | 960 | 5983 | 960 | 5983 | 960 | 5983 |
| Travel & Entertainment | | 2200 | | 2200 | | 2200 |
| Utilities & Phones | | | | | | |
| AAA | 161 | | 161 | | 161 | |
| Amicalola EMC | 7200 | | 7200 | | 7200 | |
| Amicalola Propane | 600 | | 1500 | | 1500 | |
| Highland Water | 289 | | 289 | | 289 | |
| Windstream | 2172 | | 2172 | | 2172 | |
| Verizon | 393 | | 393 | | 393 | |
| Verizon | 160 | 10975 | 160 | 11875 | 160 | 11875 |
| Total COS and Operating | | 274323 | | 268203 | | 289021 |
| Notes | | | | | | |
| BB&T | | | | | | |
| BB&T | | | | | | |
| BB&T | | | | | | |
| BB&T | | | | | | |
| BB&T | 20000 | | 20000 | | 20000 | |
| Daimler Chrysler | 2238.9 | | 1119.45 | | 0 | |
| Marlin Leasing | 303.78 | | 303.78 | | 303.78 | |
| National City | 2941.57 | | 5147.75 | | 2451.31 | |
| National City | 2402.19 | | 1143.9 | | 1143.9 | |
| United Community | 1422.31 | | 1422.31 | | 1422.31 | |
| CIT | 2369.81 | | 2369.81 | | 2369.81 | |
| | | 31679 | | 31507 | | 27691 |
| Total Cash Outlay | | 306001 | | 299710 | | 316712 |
| Net | | 26150 | | 3492 | | -13511 |

2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| BARRY GRANT, INC., | ) |  |
| Debtor. | ) | CASE NO. 09- |
|  | ) |  |

**FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL**

On October 13, 2009 the above-named Debtor filed with this Court a Motion for Authority to Use Cash Collateral and to Provide Adequate Protection Therefor, and Request for Emergency Preliminary Hearing (the "Motion"). Notice of a _____ , 2009 final hearing on the Motion and the proposed Order thereon was provided to Debtor's secured creditors, Debtors' twenty largest unsecured creditors, and the United States Trustee. Having heard the evidence and arguments presented at said hearing, the Court makes the following findings of fact:

1. BB&T ("Lender") asserts a security interest in and lien upon Debtor's accounts receivable and the proceeds therefrom (the "Cash Collateral");

2. Debtor is indebted to Lender in the approximate principal amount of $3,403,264;

3. Proceeds of Debtor's accounts receivable may constitute "cash collateral" as that term is defined in §363(a), Title 11 U.S.C.;

4. Unless authorized to use the Cash Collateral in the ordinary course of conduct of its business, Debtor's operations will be jeopardized and its ability to reorganize significantly impaired;

5. The budget of expenditures annexed to the Motion as Exhibit "A" for expenditures during the initial 90 day period of this Chapter 11 case is reasonable and consistent with Debtor's pre-petition operating expenses; and

6.  Debtor's proposed replacement lien on post-petition accounts receivable and proceeds generated during this interim period provides "adequate protection" for Lenders' interests in the Cash Collateral during such interim period, as contemplated by §363, Title 11 U.S.C.

ACCORDINGLY, IT IS HEREBY

ORDERED, that the Debtor is authorized to use Cash Collateral upon the terms and conditions herein below provided; and it is further

ORDERED, that Debtor is authorized to use Cash Collateral for the purposes set forth in the budget annexed to the Motion as Exhibit "A", provided that such use shall not exceed the actual amount of such expense for any particular line item by more than 10% unless authorized by further order of this Court; and it is further

ORDERED, that, as adequate protection for its interest in the Cash Collateral, Lender shall receive:

A.  A security interest in and lien upon Debtor's post-petition accounts receivable and proceeds to the same extent and priority as its pre-petition lien and interest in its pre-petition collateral;

B.  Continuation of the lien and security interest held by Lender in its pre-petition collateral; and

C.  Provision of Debtor's monthly operating reports required by the United States Trustee and filed with this Court; and it is further

ORDERED, that the pre-petition security interest and lien held by Lender shall continue in full force and effect, and in the same priority, with respect to all pre-petition assets of the Debtor which are subject to such pre-petition security interest and lien; and it is further

ORDERED, that the entry of this Order is without prejudice to the rights of Debtor and/or Lender in all respects, including, but not limited to, rights to (1) assert a failure of adequate protection, (2) contest the validity of pre-petition security interests and liens, (3) move for relief from the automatic stay, (4) seek extension, modification or alteration of the terms of this Order, (5) propose and confirm a Plan of Reorganization inconsistent with the terms of this Order, and/or (6) continued or additional use of Cash Collateral; and it is further

ORDERED, that this Order shall be effective immediately and continue in effect until otherwise ordered by this Court.

END OF DOCUMENT

Prepared and Submitted By:

DAVID G. BISBEE

---

David G. Bisbee
State Bar No. 058312
2929 Tall Pines Way
Atlanta, GA 30345
(770) 939-4881
(770) 783-8595 fax
bisbeed@bellsouth,net
Counsel for Debtor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| BARRY GRANT, INC., | ) |  |
| Debtor. | ) | CASE NO. 09- |
|  | ) |  |

**ORDER AUTHORIZING INTERIM USE OF CASH**
**COLLATERAL PENDING FINAL HEARING ON MOTION**
**FOR AUTHORITY TO USE CASH COLLATERAL**
**AND NOTICE OF FINAL HEARING**

On October 13, 2009 the above-named Debtor filed with this Court a *Motion for Authority to Use Cash Collateral and to Provide Adequate Protection Therefor, and Request for Emergency Preliminary Hearing* (the "Motion"). Notice of an October   , 2009 preliminary hearing on the Motion was provided to Debtors' secured creditors, Debtors' twenty largest unsecured creditors, and the United States Trustee. Having heard the evidence and arguments presented at said hearing, the Court makes the following findings of fact:

1. BB&T ("Lender") asserts a security interest in and lien upon all of Debtor's personal property, including accounts receivable and proceeds therefrom (the "Cash Collateral");

2. Debtor stipulates that it is indebted to Lender in the approximate principal amount of $3,403,264.00;

3. Proceeds of Debtor's accounts receivable and other assets may constitute "cash collateral" as that term is defined in §363(a), Title 11 U.S.C.;

4. Unless authorized to use the Cash Collateral in the ordinary course of conduct of their businesses pending the final hearing on the Motion, Debtor's operations will

        be jeopardized and its ability to reorganize significantly impaired;

5. The budget of expenditures attached to the Motion as Exhibit "A" for expenditures during the initial 90 day period of this Chapter 11 case, is reasonable and consistent with Debtors' pre-petition operating expenses; and

6. Debtor's proposed replacement lien on post-petition accounts receivable and proceeds generated during this interim period provides "adequate protection" for Lender's interests in the Cash Collateral during such interim period, as contemplated by §363, Title 11 U.S.C.

Accordingly, it is hereby

ORDERED that Debtor is, pending the final hearing on the Motion, authorized to use Cash Collateral upon the terms and conditions herein below provided. It is further

ORDERED that Debtor is authorized to use Cash Collateral for the purposes set forth in the budget attached to the Motion, provided that such use shall not exceed the actual amount of such expense for any particular line item by more than 10%, unless authorized by further order of this Court; *provided, however,* that no payments shall be made to insiders of the Debtor other than as detailed in the Order on Motion for Authority to Pay Employees Salaries and Wages entered by this court. It is further

ORDERED that, as adequate protection for its interest in the Cash Collateral, Lender shall receive:

    A. A security interest in and lien upon Debtor's post-petition assets, including without limitation, accounts receivable and proceeds to the same extent and priority as its pre-petition lien and interest in its pre-petition collateral;

    B. Continuation of the lien and security interest held by Lender in its pre-

     petition collateral;

  C. Monthly payment of interest due Lender, calculated at the non-default rate as provided in the documents evidencing Lender's debt and lien;

  D. Provision of Debtor's monthly operating reports required by the United States Trustee and filed with this Court.

Iit is further

  ORDERED that the pre-petition security interest and lien held by Lender shall continue in full force and effect, and in the same priority, with respect to all pre-petition assets of Debtor which are subject to such pre-petition security interests and liens. It is further

  ORDERED that the entry of this Order is without prejudice to the rights of Debtor and/or Lender in all respects, including, but not limited to, rights to (1) assert a failure of adequate protection, (2) contest the validity of pre-petition security interests and liens, (3) move for relief from the automatic stay, (4) seek extension, modification or alteration of the terms of this Order, (5) propose and confirm a Plan of Reorganization inconsistent with the terms of this Order, and/or (6) continued or additional use of Cash Collateral. It is further

  ORDERED, that this Order shall be effective immediately and continue in effect through conclusion of the final hearing on the Motion. It is further

  ORDERED that the final hearing on Debtor's Motion for Authority to Use Cash Collateral shall be held before this Court at _____ o'clock a.m. on _____, 2009 in Courtroom 1204, 75 Spring Street SW, Atlanta, GA ("Final Hearing"). Any party objecting to Debtor's proposed use of cash collateral must file such objection in writing, stating the grounds therefor, and serve a copy thereof on Debtor's counsel (David G. Bisbee, 2929 Tall Pines Way, Atlanta, GA 30345) on or before _____, 2009, and advocate such objection at the Final

Hearing.

    END OF DOCUMENT

Prepared and Submitted By:

    DAVID G. BISBEE

/s/
David G. Bisbee
State Bar No. 058312
2929 Tall Pines Way
Atlanta, GA 30345
(770) 939-4881
(770) 783-8595 fax
bisbeed@bellsouth.net
Attorney for Debtor